UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

JAMMIAN CREWS,

                      Petitioner,                 **DECISION AND ORDER**
-vs-                                                **No. 02-CV-0202(RJA)(VEB)**

VICTOR T. HERBERT, Superintendent of
Attica Correctional Facility and ATTORNEY
GENERAL OF THE STATE OF NEW YORK,

                      Respondents.
───────────────────────────────

**I.    INTRODUCTION**

*Pro se* petitioner Jammian Crews ("Crews") has pending in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 conviction in Erie County Court on charges of depraved indifference murder, assault with a deadly weapon, and related offenses. The charges stemmed from a shooting incident in which Crews fired a shotgun into the cab of truck in which two men were sitting, striking the driver in the abdomen and the passenger in the left arm. The driver subsequently died of massive internal injuries, and the passenger sustained debilitating and permanent injury to his arm. Immediately prior to the shooting, the passenger had attempted to buy crack cocaine from Crews with phony money. As soon as Crews released that the money had been altered, he told the man to get of there. Right after the man got back into the truck, Crews approached the vehicle and began firing his shotgun from several feet away. Crews was charged with both intentional murder and depraved indifference murder. The jury voted to acquit Crews of intentional murder but returned a guilty verdict on the charge of depraved indifference murder.

    Crews' conviction was affirmed in 2001, and he filed this petition in 2002. On February

12, 2007, Crews sent a letter to the Clerk of Court titled "Writ Held In Abeyance Requested." *See* Docket No. 9. Crews stated that "[a]t this time . . . there has been some changes in the Law with respect to my case and some claims that need to be addressed by the Lower Court and if by chance, be exhausted in order to be heard in This Court." *Id.* Crews stated, "I am requesting for an extension of time and/or my Writ of Habeas Corpus to be held in abeyance until the claims I am addressing to the Lower State Court can be resolved." *Id.* In this letter, Crews provides no details as to the claims he intended to present to the state court and did not indicate whether he had commenced exhaustion proceedings in state court. For the reasons that follow, I find that it would not be an appropriate exercise of discretion to invoke the stay-and-abeyance procedure in this case.

**II.   DISCUSSION**

Upon reviewing Crews' Petition (Docket No. 1), the Court notes that it does not appear to be a "mixed petition"–i.e., one that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). A review of the state court records reveals that Crews presented all of the claims raised in the Petition in his appellate brief on direct appeal of conviction to the Appellate Division, Fourth Department, of New York State Supreme Court. Thus, it does not appear that the Court is presented with a "mixed" petition at this time. Rather, based on this Court's reading of Crews' Request for a Stay, he is seeking to add a new, unexhausted claim to his Petition. If this is the case, then Crews must, in addition to re-filing his motion for a stay, file a motion to amend the petition to include the new unexhausted claim or claims petitioner seeks to add to the petition.  The motion to amend the petition must attach a proposed amended petition that raises *both* the claims now raised in the petition *and* the new proposed claim or

claims that petitioner intends to exhaust in state court.

In his motion to amend the petition, petitioner is advised that he should address the "relation back" requirement of Rule 15(c) of the Federal Rules of Civil Procedure. Where a petitioner seeks to add a new claim to his habeas petition after the expiration of the statute of limitations[1], he is required to show that the proposed amendment "relates back" to the claims in the original petition. *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000) ("[W]e hold that Rule 15(c) [of the Federal Rules of Civil Procedure] applies to [28 U.S.C.] § 2254 petitions for habeas corpus."). An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence set forth" in the original petition. FED. R. CIV. P. 15(c)(1)(B).[2] The Supreme Court recently has circumscribed the definition of Rule 15(c)'s "conduct, transaction, or occurrence" in the habeas context, holding that it cannot be read to encompass a petitioner's state-court criminal "trial, conviction, or sentence." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). According to the *Mayle* court, to hold otherwise would mean that "virtually any" proposed amendments to a habeas petition would "relate back" for purposes of Rule 15(c), since "federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* at 657 (citation omitted). Instead, the Supreme Court determined that "relation back will be in

---

[1]  "A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

[2]  Rule 15(c) provides in relevant part that

> An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading . . .

FED. R. CIV. P. 15(c)(1)(B) (former FED. R. CIV. P. 15(c)(2)).

3

order" provided that "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* A proposed amendment, however, will not "relate back" to the date of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.*

In addition to his motion to amend attaching a proposed amended petition, petitioner must re-file his motion for a stay. He should be aware that in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court limited the district courts' approval of stay requests to those situations where there is both a showing by petitioner of "good cause" for the petitioner's failure to exhaust the claims in state court prior to bringing the federal habeas corpus petition *and* that the unexhausted claims are not "plainly meritless." *Id.* at 277. When petitioner submits his new motion for a stay, he should address (1) whether there was "good cause" for petitioner's failure to exhaust the new claims; (2) whether the claim "relates back" to the originally pled claims, *see Mayle v. Felix*, 545 U.S. 644 (2005); and (3) whether the new claim is "potentially meritorious" on federal habeas corpus review). *See, e.g.*, *Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 WL 1765714 (S.D.N.Y. July 26, 2005) (denying request for stay without prejudice to renew upon a showing of "good cause", that the proposed claims "relate back", and that the new claims are "potentially meritorious").

Because petitioner has not identified the claim or claims he wishes to add to the petition, the Court has an insufficient basis on which to decide his motion to amend. In his letter to the Court, Crews failed to address any of the *Rhines* criteria, however. Crews only sought to have his petition stayed *after* there was a change in the law that he believed was favorable to him. He presumably is referring to the shift in New York state's jurisprudence regarding depraved

indifference murder. Since Crews' conviction, there have been significant developments in New York regarding the law of depraved indifference murder and the legal sufficiency of evidence supporting such a claim. *See*, *e.g.*, *People v. Feingold*, 7 N.Y.3d 288 (N.Y. 2006). However, Crews cannot fulfill the *Rhines* criteria to the extent that he intends to assert any claims based this jurisprudential shift for the reasons set forth in the following paragraphs.

*People v. Feingold* involved a prosecution for the offense of first degree reckless endangerment, which is "recklessly" engaging in conduct which creates a "grave risk of death" to another person "under circumstances evincing a depraved indifference to human life." N.Y. PENAL LAW § 120.25. Even though *Feingold* involved only reckless endangerment and not a homicide, because the term "depraved indifference" has the same meaning under the murder and reckless endangerment statutes, the New York Court of Appeals reexamined its depraved indifference jurisprudence, including *People v. Register,* 60 N.Y.2d 270 (N.Y. 1983)), and *People v. Sanchez*, 98 N.Y.2d 373 (N.Y. 2002)). *Feingold*, 7 N.Y.3d at 290-94. In *Feingold*, that Court of Appeals recognized that beginning in the year 2003, several cases began restricting the circumstances under which a defendant could be found guilty of depraved indifference murder. *Id.* at 292 (citing *People v. Hafeez*, 100 N.Y.2d 253 (N.Y. 2003); *People v. Gonzalez*, 1 N.Y.3d 464 (N.Y. 2004); *People v. Payne*, 3 N.Y.3d 266 (N.Y. 2004); *People v. Suarez*, 6 N.Y.3d 202 (N.Y. 2005)). Notably, in Suarez, the Court of Appeals stated:

> [S]omeone who intends to cause serious physical injury does not commit depraved indifference murder because the intended victim dies. . . . Thus, one who acts with the conscious intent to cause serious injury, and who succeeds in doing so, [and the person thereafter dies] is guilty only of manslaughter in the first degree. Otherwise, every intentional manslaughter would also establish depraved indifference murder-a result plainly at odds with the discrete classifications set forth in the statute. Since a defendant who intends to injure or kill a particular person cannot generally be said to be "indifferent"-depravedly or

otherwise-to the fate of that person, we underscore what we said in *Payne*: "a one-on-one shooting or knifing (or similar killing) can almost never qualify as depraved indifference murder."

6 N.Y.3d at 211-12.

Before *Feingold*, recklessness was the required mental state for depraved indifference murder and the depravity and indifference was assessed objectively based on a review of the circumstances of the crime. *See People v. Sanchez*, 98 N.Y.2d at 381-82; *People v. Register*, 60 N.Y.2d at 273. Recognizing an erosion of that rule, in *Feingold* the Court of Appeals explicitly overruled *Sanchez* and *Register*, and held that "depraved indifference is a culpable mental state." *Feingold*, 7 N.Y.3d at 294.

However, even if these recent cases would have resulted in a different outcome for the petitioner if he were tried for depraved indifference murder today, this Court must look to the law as it was at the time that the petitioner was convicted, which was the year 1998. The Appellate Division, Fourth Department affirmed the conviction on March 21, 2001, and the Court of Appeals denied leave to appeal on June 20, 2001. The law regarding depraved indifference murder did not begin its shift until *People v. Hafeez*, 100 N.Y.2d 253, was decided on June 10, 2003, two years later. The New York Court of Appeals has specifically held that its holdings beginning with *Hafeez* and culminating in the *Feingold* decision are not to be applied retroactively. *Policano v. Herbert*, 7 N.Y.3d 588, 589, 603 (N.Y. 2006).

Federal district courts ruling on petitions for habeas corpus recognize and apply *Policano*'s rule of non-retroactivity. *Rustici v. Phillips*, 497 F. Supp.2d 452, 486 (E.D.N.Y. 2007) (citing *Lavayen v. Duncan*, No. 02 CV 0305(NG)(LB), 2007 WL 1695585, at *10 (E.D.N.Y. June 7, 2007); *Cruz v. Conway*, No. 05 CV 4750(ARR), 2007 WL 1651855, at *3

(E.D.N.Y. June 6, 2007); *Nicholas v. Smith*, No. 02 CV 6411(ARR), 2007 WL 1213417, at *6 (E.D.N.Y. Apr. 20, 2007); *Farr v. Greiner*, No. 01 CR 6921(NG)(MDG), 2007 WL 1094160, at *21-24 (E.D.N.Y. Apr. 10, 2007). Thus, *Feingold* and its precursors may not be used as a basis for granting the habeas relief in Crews' case. *Accord*, *e.g.*, *Rustici*, 497 F. Supp.2d at 486.

In Crews' case, all of his state court appeals were exhausted by June 2001, which was two years before the shift commenced in the New York Court of Appeals' formulation of depraved indifference murder. At the time of the petitioner's conviction in 19989, and when his conviction became final in 2001, the facts of this case permitted a jury to find the petitioner's guilt beyond a reasonable doubt for depraved indifference second degree murder. Notably, Crews did not challenge the sufficiency of the evidence or the weight of the evidence on direct appeal. He would be procedurally barred from returning to state court to exhaust any such claims pursuant to New York Criminal Procedure Law § 440.10(2)(c), and therefore his claim would likely be procedurally defaulted in any event in this proceeding.

To sum up, any claims that Crews seeks to raised based on *People v. Feingold* are barred from both further collateral review in state court and from federal habeas review based on specific finding by the New York Court of Appeals that the change in law cannot be applied retroactively. It accordingly would be futile for Crews to attempt to amend his habeas petition to add such claims. However, because Crews is proceeding *pro se* and because his letter to the Court is unclear as to whether there are claims in addition to those based on the change in law regarding depraved indifference murder, the Court shall permit Crews the opportunity to refile his motion for a stay if there are other claims that he seeks to exhaust in the state courts. In his refiled motion for a stay, petitioner must show both "good cause" for the failure to exhaust and

that the new claim or claims "potentially meritorious," *see Rhines v Weber*, 544 U.S. at 276-78. He also must show that the claim "relates back" to the originally pled claims, *see Mayle v. Felix*, 545 U.S. at 658-59.

   **Accordingly,**

   **IT IS HEREBY ORDERED** that, petitioner's motion to amend and to hold the petition in abeyance is **DENIED** without prejudice subject to petitioner's re-filing the motion and showing pursuant to *Rhines v. Weber*, 544 U.S. at 277-78, that (1) there is "good cause" for petitioner's failure to exhaust the new claims; (2) that the new claims relates back under FED. R. CIV. P. 15 and *Mayle v. Felix*, 545 U.S. at 650,[3] to the claims originally pled in the Petition; and (3) that the new claim is potentially meritorious. **If petitioner re-files his motion for a stay, he must do so within thirty (30) days of his receipt of this Order.** Petitioner must serve the re-filed motion for a stay on respondent's counsel.

   **FURTHER**, to the extent petitioner seeks to add a new claim to the petition, he shall, in addition to re-filing the motion for a stay, file concurrently and serve upon respondent a motion to amend the petition pursuant to FED. R. CIV. P. 15 which addresses the issue of timeliness of the new claim and "relation back." Petitioner shall also attach to his motion to amend a proposed amended petition that raises both the claims now raised in the petition and the new claim petitioner seeks to exhaust and add to the instant habeas corpus proceeding. **If petitioner re-files his motion to amend the petition, he must do so within thirty (30) days of his receipt of this Order.** Petitioner's motion to amend the petition must be served upon respondent's

---

[3] "An amended habeas petition . . . does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)]'s one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

counsel.

**FURTHER**, should petitioner re-file his motion for a stay and a proposed amended petition, respondent shall have thirty (30) days from the date of service of those pleadings to submit an opposing memorandum of law. Petitioner shall have twenty (20) days from the date he receives respondent's opposition papers to submit a reply memorandum of law.

**FURTHER**, the Clerk of the Court is directed to send petitioner a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254, which petitioner should use for his proposed amended petition.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   September 11, 2008
         Buffalo, New York.